**Virginia Espinoza GUERRERO; Marcos Albert Guerrero, Plaintiffs–Appellants,**

v.

**William CUMMINGS; City of Nyssa, Defendants–Appellees.**

**No. 93–36065.**

United States Court of Appeals, Ninth Circuit.

Submitted Nov. 16, 1995 *.

Decided Dec. 7, 1995.

---

* The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34–4.

Sanford Jay Rosen, Rosen, Bien & Asaro, San Francisco, California, for plaintiffs-appellants.

Michael A. Lehner and Edwin A. Skoch, II, Lehner, Mitchell, Rodrigues & Sears, Portland, Oregon, for defendants-appellees.

Before: BROWNING, RYMER and T.G. NELSON, Circuit Judges.

RYMER, Circuit Judge:

Virginia Espinoza Guerrero and Marcos Guerrero appeal the district court's orders denying them "fees on fees" for work done by their attorney after they accepted Fed. R.Civ.P. 68 offers of judgment that provided for reasonable attorney's fees and costs incurred "prior to the date of" the offers. We have jurisdiction, 28 U.S.C. § 1291, and we affirm.

I

The Guerreros brought a civil rights action under 42 U.S.C. § 1983 against William Cummings and the City of Nyssa. Cummings and Nyssa made Rule 68 offers of judgment prior to the commencement of trial. Except for the dollar amounts and the plaintiffs' names, the offers were identical and provided:

> Pursuant to FRCP 68, defendants hereby allow judgment to be given against them in favor of plaintiff, Virginia Espinoza Guerrero, for a total of ONE THOUSAND FIVE HUNDRED AND NO/100 DOLLARS ($1,500), plus reasonable attor-

ney fees and costs incurred by this plaintiff prior to the date of this offer in an amount to be set by the court.

The Guerreros accepted, and judgment was entered in their favor.

Their attorney then sought to recover costs and fees that included time spent in preparing the bill. The district court awarded pre-settlement costs and fees, but declined to award fees on fees on the ground that "the explicit terms of the offers dictate this result."

## II

The Guerreros contend that the terms of the offers they accepted do not clearly and unambiguously waive fees on fees. We cannot agree.

As a general rule, "time spent in establishing entitlement to an amount of fees awardable under section 1988 is compensable." *Clark v. City of Los Angeles,* 803 F.2d 987, 992 (9th Cir.1986) (citations omitted). However, a settlement offer may be conditioned upon the waiver of such fees. *Evans v. Jeff D.,* 475 U.S. 717, 737–38, 106 S.Ct. 1531, 1542–43, 89 L.Ed.2d 747 *reh'g denied,* 476 U.S. 1179, 106 S.Ct. 2909, 90 L.Ed.2d 995 (1986). Accepting such an offer constitutes waiver, but only if the waiver is "clear and unambiguous." *Erdman v. Cochise County, Ariz.,* 926 F.2d 877, 880 (9th Cir.1991) (citations omitted). The "usual rules of contract construction" apply to interpreting the terms of a Rule 68 settlement offer in a § 1983 case. *Herrington v. County of Sonoma,* 12 F.3d 901, 907 (9th Cir.1993).

The Guerreros contend that the offers are ambiguous because, by allowing for costs and fees "in an amount to be set by this court," they leave open the possibility that the court will choose to award an amount that includes post-settlement fees. Alternatively, they argue, the language is ambiguous because it could be interpreted to mean that *if* the parties fail to reach an agreement regarding the amount of fees, they will petition the court and, in that event, will be entitled to fees for the time spent on that effort because the offer is silent as to fees for counsel's efforts involved in those proceedings.

We see nothing ambiguous in these offers. By their own terms, the offers explic-

itly limit fees and costs to those *"incurred by this plaintiff prior to the date of this offer* in an amount to be set by the court." (Emphasis added). It is the reasonableness of those fees only—*i.e.,* fees incurred before the offers—that may be left to the court to determine.

The Guerreros rely on *Holland v. Roeser,* 37 F.3d 501 (9th Cir.1994), in which the court upheld an award of post-settlement attorney's fees. In *Holland,* however, the court found that an offer that provided for " 'costs now accrued *and reasonable attorney fees as determined by the court* ' " was ambiguous. *Id.* at 504. In the *Holland* offer, the term "now accrued" modified "costs," but did not clearly modify "reasonable attorney fees." Therefore, the offer could be read to mean that while costs would be limited to those "now accrued," attorney's fees would not be so limited. In the Guerreros' offers, on the other hand, "incurred prior to this date" modifies "reasonable attorney fees and costs." Both attorney's fees and costs are limited to those incurred prior to the date of the offers.

Because the plain language of the settlement offers limits attorney's fees to those accrued prior to the date of the offers, the district court did not err in finding that the Guerreros' acceptance clearly and unambiguously waived attorney's fees incurred thereafter.

## III

The Guerreros contend that disallowing post-offer fees undermines the attorney's fees policy in civil rights actions. They are concerned that the district court's decision puts plaintiffs in an impossible predicament: either reject an offer of judgment which is reasonable as to the damages but leaves open the attorney's fees, and with the rejection risk the fee-shifting penalties in Rule 68, or accept the Rule 68 offer which cuts off further entitlement to fees no matter how difficult it is to resolve the amount of the pre-offer fee. They also suggest that forcing plaintiffs to litigate the reasonableness of fees, yet depriving them of fees on fees, dilutes the attorney's fees paid for work done on the underlying case.

These arguments fail in light of the Supreme Court's opinion in *Marek v. Chesny,*

473 U.S. 1, 10–11, 105 S.Ct. 3012, 3017–18, 87 L.Ed.2d 1 (1985). As the Court explained, "Merely subjecting civil rights plaintiffs to the settlement provision of Rule 68 does not curtail their access to the courts, or significantly deter them from bringing suit." *Id.* at 10, 105 S.Ct. at 3017. Moreover, while Rule 68 "will require plaintiffs to 'think very hard' about whether continued litigation is worthwhile[,]" this effect of Rule 68 "is in no sense inconsistent with the congressional policies underlying § 1983 and § 1988." *Id.* at 11, 105 S.Ct. at 3017. Thus, there are no reasons of policy that preclude the cutting off of fees and costs at the point a Rule 68 offer is made and accepted.

### IV

■ The Guerreros contend that under the language of Rule 68 itself, no Rule 68 offer that leaves open the "amount or extent of [defendant's] liability" for pre-offer attorney's fees should preclude plaintiffs who accepted such an offer from securing reasonable attorney's fees for post-offer work to establish the amount or extent of liability for pre-offer attorney's fees. They rely on the last sentence of the Rule, which provides:

> When the liability of one party to another has been determined by verdict or order or judgment, but the amount or extent of the liability remains to be determined by further proceedings, the party adjudged liable may make an offer of judgment, which shall have the same effect as an offer made before trial....

Fed.R.Civ.P. 68. As we understand the suggestion, it is that their situation is like the bifurcated trial situation that the last sentence addresses—in accepting the offer, *liability* for attorney's fees was determined, but the *amount or extent* of those fees remains to be determined in post-offer proceedings.

However, this is beside the point. Even though there may be a post-offer proceeding, the terms of the offer—not the terms of Rule 68—control the cut-off of attorney's fees and costs. *Marek*, 473 U.S. at 6, 105 S.Ct. at 3015; *Erdman*, 926 F.2d at 880 (citing *Marek*, 473 U.S. at 6, 105 S.Ct. at 3015). The last sentence in Rule 68 is intended to provide the defendant with a second bite at the apple even though the time limitation for making a judgment offer "ten days before

trial has begun" will have expired when the trial of liability and damages is bifurcated. *See* Fed.R.Civ.P. 68 advisory committee's note. Nothing at all analogous obtains here. The last sentence, in conjunction with the rest of the Rule, cannot be stretched to require defendants making a judgment offer in an action with a fee-shifting provision to break their offer in two, such that the first offer that is accepted has to do only with "liability" for fees and that thereafter, a second Rule 68 offer of judgment has to be made with respect to the amount of fees that the defendant believes is reasonable. Accordingly, the last sentence of Rule 68 has no applicability to the Guerreros' case.

### V

Finally, the Guerreros seek payment of attorney's fees incurred in the course of pursuing this appeal, under 42 U.S.C. § 1988. Section 1988 permits the award of attorney's fees only to a prevailing party. Because we affirm the district court, the Guerreros are not prevailing parties and so are not entitled to fees on appeal.

AFFIRMED.