**Steven R. and Marianne NUSOM, Plaintiffs,**

v.

**COMH WOODBURN, INC., dba Central Homes; Bonnie G. Tornow; Shirley Ann Robins; Phil Morgan; Colleen Souther; The Cit Group/Sales Financing, Inc.; Dave Eby dba Dave Eby Co.; Fleetwood Homes of Oregon, Inc.; and John or Jane Does 2–20, Defendants.**

**No. Civ. 95–1492–FR.**

United States District Court,
D. Oregon.

Dec. 9, 1997.

Patricia Ferrell–French, West Linn, Oregon, for plaintiffs.

Lee M. Hess, Portland, Oregon, for defendants.

## OPINION

FRYE, District Judge.

The matters before the court are 1) the plaintiffs' motion for supplemental bill of costs and for attorney fees against CIT (# 76); and 2) the plaintiff-appellants' application for attorney fees against CIT on appeal.

## BACKGROUND

The plaintiffs, Steven and Marianne Nusom, brought claims against the defendant, the CIT Group/Sales Financing, Inc. (CIT), for violations of the federal Truth In Lending Act, 15 U.S.C. §§ 1638 *et seq.*, and the anti-racketeering statute of the State of Oregon, O.R.S. 166.715 *et seq.*, seeking an award of actual damages, a penalty, costs, and attorney fees.

The Nusoms accepted an Offer of Judgment from defendant CIT, which provides for the payment by defendant CIT of "$15,-000.00, together with costs accrued to the date of this offer, as provided in FedRCivP 68." Offer of Judgment Under FedRCivP. 68, p. 2 (attached as Exhibit 1 to Plaintiffs' Motion for Judgment Under FedRCivP 54(b), p. 3).

On March 4, 1996, the Nusoms moved this court for an award of attorney fees under the federal Truth In Lending Act and the anti-racketeering statute of the State of Oregon.

On May 3, 1996, this court denied the Nusoms' motion for attorney fees. The court ruled as follows:

The offer of CIT, which was accepted by the Nusoms, was an offer to pay "$15,-000.00, together with costs accrued to the date of this offer, as provided in FedRCivP 68." Attorney fees are recoverable under the federal Truth In Lending Act and the anti-racketeering statute of the State of Oregon. Attorney fees are not a part of an award of costs, however. 15 U.S.C. § 1640(a) and O.R.S. 166.725(7)(a). The Offer of Judgment limits the recovery of the Nusoms to the costs accrued. Attorney fees are not recoverable as costs under the federal Truth In Lending Act or the anti-racketeering statute of the State of Oregon. The Nusoms waived any claim they might have had for attorney fees when they accepted the Offer of Judgment pursuant to Fed.R.Civ.P. 68.

Opinion and Order of May 3, 1996, p. 3.

On August 26, 1997, the United States Court of Appeals for the Ninth Circuit reversed and remanded this case "for the district court to consider the Nusoms' fee request on the merits ...." *Nusom v. Comh Woodburn, Inc.,* 122 F.3d 830, 835 (9th Cir. 1997). The Court of Appeals stated: "We hold only that a Rule 68 offer for judgment in a specific sum together with costs, which is silent as to attorney fees, does not preclude the plaintiff from seeking fees when the underlying statute does not make attorney fees a part of costs." *Id.*

On October 22, 1997, the Court of Appeals issued an order referring back to this court the Nusoms' application for attorney fees on appeal.

## CONTENTIONS OF THE PARTIES

The Nusoms' seek attorney fees in the amount of $17,671.86 for the proceedings which were conducted in this court. The Nusoms contend that they are entitled to an award of attorney fees under the Truth In Lending Act (TILA), 15 U.S.C. § 1640. The Nusoms argue that they were successful in their TILA action against CIT, and that they are entitled to an award of those attorney fees which they incurred before and after the Rule 68 offer of judgment from CIT.

In addition, the Nusoms seek an award of $10,850.00 for the attorney fees they incurred in the proceedings on appeal.

Defendant CIT opposes the Nusoms' supplemental motion for attorney fees on the grounds that 1) the Nusoms are not entitled to any attorney fees after December 17, 1995, the date of CIT's offer of judgment; 2) the Nusoms' request for attorney fees incurred prior to the taking of the appeal are excessive; and 3) the Nusoms' request for attorney fees incurred after the remand by the Court of Appeals are excessive. Defendant CIT also contends that the Nusoms' requested fees from the proceedings in this court are excessive, and that because the Nusoms had limited success and because the Nusoms prosecuted multiple claims against multiple defendants in multiple forums, their claims for attorney fees are not properly segregated.

Defendant CIT objects to the Nusoms' request for attorney fees on appeal on the ground that defendant CIT's offer of judgment made on December 17, 1995 forecloses the Nusoms' right to any attorney fees after December 17, 1995.

## APPLICABLE STANDARD

The TILA provides, in relevant part:

[A]ny creditor who fails to comply with any requirement imposed under this part ... with respect to any person is liable to such person ...

....

(3) in the case of any successful action to enforce the foregoing liability ... the costs of the action, together with a reasonable attorney's fee as determined by the court....

15 U.S.C. § 1640(a).

In addressing a petition for attorney fees, the court must first determine the "lode-star" by multiplying the number of hours which would have been reasonably spent on the litigation by a reasonable hourly rate. *D'Emanuele v. Montgomery Ward & Co.,* 904 F.2d 1379, 1383 (9th Cir.1990). There is a "strong presumption" that the lodestar fee is a reasonable fee. *D'Emanuele, Id.* at 1384. Nevertheless, in rare cases

this strong presumption that the lodestar fee is a reasonable fee may be rebutted through the application of those factors not subsumed in the lodestar calculation. *Id.* The factors subsumed in the lodestar calculation are set out in *Kerr v. Screen Extras Guild, Inc.,* 526 F.2d 67 (9th Cir.1975), *cert. denied,* 425 U.S. 951, 96 S.Ct. 1726, 48 L.Ed.2d 195 (1976), as follows:

> (1) the time and labor required, (2) the novelty and difficulty of the questions involved, (3) the skill requisite to perform the. legal service properly, (4) the preclusion of other employment by the attorney due to acceptance of the case, (5) the customary fee, (6) whether the fee is fixed or contingent, (7) time limitations imposed by the client or the circumstances, (8) the amount involved and the results obtained, (9) the experience, reputation, and ability of the attorneys, (10) the "undesirability" of the case, (11) the nature and length of the professional relationship with the client, and (12) awards in similar cases.

*Id.* at 70 (citing *Johnson v. Georgia Highway Express, Inc.,* 488 F.2d 714 (5th Cir.1974)).

## ANALYSIS

The Nusoms were successful in this action. They accepted a Rule 68 offer from defendant CIT to enter a judgment in their favor in the sum of $15,000.00 plus costs. Under 15 U.S.C. § 1640(a)(3), the Nusoms are entitled to collect reasonable attorney fees. The Court of Appeals concluded that "the judgment does not foreclose the Nusoms from seeking attorney fees because it does not clearly and unambiguously waive or limit them." *Nusom,* 122 F.3d at 833. The court stated:

> This decision is not without difficulty. We recognize that in general, defendants making a Rule 68 offer contemplate a lump-sum judgment that represents their total liability. Otherwise, as the Supreme Court pointed out in *Marek,* "they would understandably be reluctant to make settlement offers." *Marek* [*v. Chesney,*] 473 U.S. [1] at 6–7, 105 S.Ct. [3012] at 3014–15 [87 L.Ed.2d 1 (1985) ]. At the same time, defendants are the master of what their Rule 68 offers offer. If there is any room for doubt about what is included, or ex-

cluded, when "costs" are offered, the defendant can craft its offer to make clear the total dollar amount that it will pay. *Id.*

Defendant CIT contends that any right of the Nusoms to attorney fees ended with the offer of judgment made by defendant CIT. Defendant CIT cites this court to *Guerrero v. Cummings,* 70 F.3d 1111 (9th Cir.1995). In *Guerrero,* the Court of Appeals affirmed the ruling of the Honorable James A. Redden that the plain language of the offer of judgment unambiguously limited fees and costs to those incurred prior to the date of the offer of judgment under Rule 68. The offer of judgment in *Guerrero* provided, in relevant part:

> Pursuant to FRCP 68, defendants hereby allow judgment to be given against them in favor of plaintiff ... for a total of ONE THOUSAND FIVE HUNDRED AND NO/100 DOLLARS ($1,500), plus reasonable attorney fees and costs incurred by this plaintiff prior to the date of this offer in an amount to be set by the court.

*Id.* at 1112–13.

In the case before this court, the offer of judgment does not unambiguously limit attorney fees and costs to those incurred prior to the date of the Rule 68 offer of judgment. The language of the Rule 68 offer of judgment in the case before this court is silent as to attorney fees and costs. The *Guerrero* decision, in which the offer of judgment limited attorney fees to those incurred by the plaintiff prior to the date of the offer, does not limit the attorney fees in the case before this court to those attorney fees incurred prior to the offer of judgment.

## RULING OF THE COURT

The Nusoms are entitled under TILA to recover reasonable attorney fees. There are no facts in this case which rebut the strong presumption that the lodestar fee, which is arrived at by multiplying the number of hours reasonably spent on the litigation by a reasonable hourly rate, is a reasonable fee. The court finds that defendant CIT's claim that the number of hours spent on this case

by counsel for the Nusoms was excessive is without merit.

The plaintiffs' motion for supplemental bill of costs and for attorney fees against CIT (# 76) is granted in the amount of $17,671.86, and the plaintiff-appellants' application for attorney fees against CIT on appeal in the amount of $10,850.00 is granted.