John SHERRY, Plaintiff,

v.

PROTECTION, INC., an Illinois corporation, Affiliated Protective Services, Inc., an Illinois corporation, and Charles T. Laws, Defendants.

No. 97 C 5215.

United States District Court, N.D. Illinois, Eastern Division.

Aug. 6, 1998.

Heather Renee Sloan, Michael G. Cainkar, Louis F. Cainkar, Ltd., Chicago, IL, for plaintiff.

James R. Figliulo, Peter A. Silverman, James Joseph Sipchen, Figliulo & Silverman, Chicago, IL, for defendant.

## MEMORANDUM OPINION AND ORDER

ALESIA, District Judge.

Before the court is a motion filed by plaintiff John Sherry for an award of attorney's fees in his favor in the amount of $17,036.50 pursuant to Federal Rule of Civil Procedure 54(d). For the reasons that follow, the court grants plaintiff's motion for an award of attorney's fees in the amount of $12,851.50.

### I. BACKGROUND

On July 27, 1997, plaintiff John Sherry filed a two-count complaint against defendants, Protection, Inc., an Illinois corporation, Affiliated Protective Services, Inc., an Illinois corporation, and Charles T. Law. Count I alleged violations of the Family and Medical Leave Act of 1993 ("FMLA"), 29 U.S.C. § 2611, et seq. Count II alleged intentional infliction of emotional distress.

On March 23, 1998, defendants made an offer of judgment to plaintiff in the amount of $5,000 "plus reasonable and properly recoverable costs and reasonable attorneys' fees, under applicable rules, accrued through the date of acceptance of this offer." On March 25, 1998, Sherry's attorney sent defendants' attorney a document entitled "Notice of Acceptance of Offer of Judgment" which stated that the "plaintiff shall be entitled to recover his attorneys' fees in preparation of his Petition for Attorneys' Fees and Costs to be filed with the Clerk of the Court." According to the affidavit of defendants' attorney, Peter Silverman, he informed Sherry's attorney that her Notice was not an acceptance of the offer of judgment because the Notice changed the terms of the offer. On April 1 1998, Sherry's attorney filed with the Clerk of the Court a Notice of Acceptance of Offer of Judgment in the amount of $5,000 "plus reasonable and properly recoverable costs and reasonable attorneys' fees accrued through the date of acceptance of this Offer."

### II. DISCUSSION

Sherry has filed a motion for award of attorney's fees in the amount of $17,036.50 for legal services he received from June 17, 1997 through July 1, 1998. Defendants have raised four arguments in their memorandum opposing Sherry's motion for award of attorney's fees and they also request that the court conduct an evidentiary hearing on this issue. The court will address each of the defendants' arguments in turn.

### A. Attorney's fees

Defendants first argue that the court should not award attorney's fees in this case because: (1) plaintiff's counsel acted in bad faith; (2) plaintiff has not achieved enough success in the underlying suit to be entitled to fees; and (3) the settlement of this case was based upon the nuisance value of the suit and not the merits of plaintiff's claim. For the reasons outlined below, the court rejects these arguments.

#### 1. Plaintiff's counsel did not act in bad faith

■ Defendants argue that Sherry's counsel has prolonged resolution of this case in order to generate additional legal fees. The court finds that this argument fails for the reasons outlined below.

After Sherry filed his complaint, defendants submitted to the court a motion to dismiss and a motion for summary judgment. Most of Sherry's counsel's time was spent responding to these motions, both of which were won by the plaintiff. The court recognizes that defendants' counsel has a duty to zealously represent their client. However, defendants' counsel cannot reasonably argue

that the plaintiff's counsel prolonged the resolution of this case by responding to defendants' motions.

■ Defendants further argue that Sherry's counsel has taken an unreasonable settlement position throughout the litigation by refusing to discuss any settlement figure less than $50,000. The defendants did not offer Sherry any money to settle this case until March 2, 1998, eight months after the complaint was filed and after Sherry's counsel had spent much of her time litigating this case. Since the defendants have failed to present any evidence to this court that Sherry's counsel acted in bad faith, the court rejects this argument.

### 2. Success of Sherry's underlying claim

■ Defendants next argue that Sherry should not recover any attorney's fees because he has not achieved enough success in the underlying suit to be entitled to the fees he seeks. The court finds that this arguments fails for the reasons outlined below.

Defendants cite a United States Supreme Court case which recognized that a court may award low fees or no fees at all, depending upon the amount of damages the party received. *Farrar v. Hobby,* 506 U.S. 103, 115, 113 S.Ct. 566, 121 L.Ed.2d 494 (1992). Defendants then cite to several Seventh Circuit cases which were decided under *Farrar* in support of their argument. However, the cases on which the defendants rely were brought under Title VII, not under the FMLA. The unique language in the FMLA's attorney's fee provision differs from that in Title VII. The FMLA attorney's fee provision differs in two respects: (1) it uses the word "shall" rather than "may"; and (2) the plaintiff need not be a "prevailing party" in order to be awarded fees.

■ Section 107 of the FMLA, codified at 29 U.S.C. § 2617, states, "[t]he court … shall, in addition to any judgment awarded to the plaintiff, allow a reasonable attorney's fee…." Congress used the word "shall" in the FMLA's attorney's fee provision instead of the word "may," which is the language used in 42 U.S.C. § 1988 and most other attorney's fee provisions. Therefore, under the FMLA the court must award reasonable attorney's fees. *C.f. Burnley v. Short,* 730

F.2d 136, 141 (4th Cir.1984) (holding that the use of the word "shall" in the Fair Labor Standards Act requires courts to award attorney's fees).

■ A second differentiating characteristic of the FMLA's attorney's fee provision is that the FMLA mandates that fees shall be awarded "in addition to any judgment awarded to the plaintiff." 29 U.S.C. § 2617(a)(3). Most attorney's fee provisions permit the award of fees only to a "prevailing" or "successful" party. *See, e.g., Farrar,* 506 U.S. 103, 113 S.Ct. 566, 121 L.Ed.2d 494. However, under the broader FMLA attorney's fee provision, a plaintiff may be eligible for fees even if he fails to meet the requirement that he be a "prevailing party." *McDonnell v. Miller Oil Co., Inc.,* 968 F.Supp. 288, 291 (E.D.Va.1997).

Therefore, this case is distinguished from those cited by the defendants in support of their argument. Accordingly, defendants' argument that Sherry is not entitled to attorney's fees because settlement of this case was based only on its nuisance value fails.

### 3. Merits of Sherry's claim

Defendants then argue that Sherry should not recover attorney's fees because he did not succeed on the merits of his claim. This argument also fails for the reasons outlined below.

Defendants cite to a Seventh Circuit § 1988 case in which the parties entered into a Rule 68 offer of judgment where the amount that the plaintiff ultimately accepted was considerably less than that originally sought. *Fisher v. Kelly,* 105 F.3d 350 (7th Cir.1997). The court found that the plaintiff was not entitled to attorney's fees because the plaintiff's relief was not based on the merits of her claim and therefore she was not a "prevailing party." *Id.* at 352. This argument raises issues similar to those addressed previously. *See supra* Part II.A.2. For the reasons given above, this argument also fails.

Finally, defendants argue that, if the court grants Sherry's motion for an award of attorney's fees, that award should not include any fees which were accrued after April 1, 1998, the date on which Sherry accepted defen-

**1058**

dants' offer of judgment. Since the court has determined that Sherry is entitled to an award of attorney's fees, the court now focuses its analysis on the amount of attorney's fees which are to be awarded to Sherry.

**B.  *Amount of attorney's fees***

■ Defendants' offer of judgment, which was accepted by Sherry, expressly precludes recovery of attorney's fees incurred after its acceptance.  *See Guerrero v. Cummings,* 70 F.3d 1111, 1113 (9th Cir.1995) (affirming the district court's finding that the plain language of the settlement offer limited attorney's fees to those accrued prior to the date of the offer).  Sherry attempts to distinguish the *Guerrero* case by pointing out that the offer of judgment in that case included language that put the plaintiffs on notice that additional litigation would take place because the parties agreed to let the court determine the amount of fees.  *Id.* at 1112–13.  Sherry argues that he did not waive his right to recover fees incurred after April 1, 1998 because defendants failed to specify in their offer that they intended to let the court decide the amount of fees to be awarded.

The court finds that, since defendants' offer of judgment expressly prohibits recovery of fees incurred after acceptance of the offer of judgment, Sherry has knowingly waived his right to recover such fees.  Accordingly, the court will reduce the amount which Sherry is seeking by $4,185, the amount incurred for the time spent preparing and presenting Sherry's fee petition.

**III.  *CONCLUSION***

For the foregoing reasons, the court grants Sherry's motion for award of attorney's fees pursuant to Federal Rule of Civil Procedure 54(d).  However, the court finds that Sherry's award should be reduced by $4,185, the amount of fees incurred after April 1, 1998.  Accordingly, the court awards Sherry $12,851.50 in attorney's fees.  No evidentiary hearing on this matter is necessary.