Rodney MARCHAND, Plaintiff—
Appellant,

v.

Frank DETROLIO, in his official capacity as Sheriff of Grant County; Alder, Lt., individually as Jailer of Grant County and together with; Jane Doe, as the marital community; Jane Doe, as the marital community; Jane Doe, as the marital community; John Doe, as the marital community; City of Moses Lake, a municipal corporation, Defendants—Appellees.

No. 08–35871.

United States Court of Appeals, Ninth Circuit.

Submitted Oct. 5, 2009.*

Filed Oct. 14, 2009.

Jeffry Keith Finer, Senior Litigating, Breean Lawrence Beggs, Terri D. Sloyter, Spokane, WA, for Plaintiff–Appellant.

George Fearing, Esquire, Kennewick, WA, Dennis L. Fluegge, Esquire, Yakima, WA, Michael Early McFarland, Jr., Evans, Craven & Lackie, Spokane, WA, for Defendants–Appellees.

Before: D.W. NELSON, SILVERMAN and IKUTA, Circuit Judges.

MEMORANDUM **

Plaintiff Marchand sued Moses Lake, Grant County, and other defendants. He recovered $7,000 from Moses Lake, "plus reasonable attorney s[sic] fees and costs incurred by the plaintiff *for the claims against Moses Lake,*" (emphasis added) pursuant to an offer of judgment. He nevertheless sought *all* of his attorney's fees from Moses Lake, amounting to $100,203.68. Marchand admits that the

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

"lion's share" of the fees were incurred to prove Grant County's alleged medical negligence. The district court did not abuse its discretion in assessing $18,500 in attorney's fees against Defendant City of Moses Lake.

"[A] court abuse[s] its discretion in not apportioning fees 'when the time expended by the plaintiff in pursuing each defendant [is] grossly unequal.'" *El–Hakem v. BJY, Inc.,* 415 F.3d 1068, 1075 (9th Cir.2005) (quoting *Corder v. Gates,* 947 F.2d 374, 383 (9th Cir.1991)). "Apportionment is mandated in these situations in order to ensure that a defendant is not liable for a fee award greater than the actual fees incurred against that defendant." *Jones v. Espy,* 10 F.3d 690, 691 (9th Cir.1993).

The magistrate judge examined each expense to determine whether Marchand's attorneys had spent their time pursuing Moses Lake or another defendant. He properly awarded only those fees that Marchand incurred to pursue Moses Lake. We therefore affirm the district court's order.

AFFIRMED.

IKUTA, Circuit Judge, dissenting:

Pursuant to Rule 68, Moses Lake offered to "have judgment taken against it for the sum of $7,000, plus reasonable attorney[']s fees and costs incurred by the plaintiff for the claims against Moses Lake," and Marchand accepted this offer. In interpreting the terms of such an agreement, a district court applies the "usual rules of contract construction." *Guerrero v. Cummings,* 70 F.3d 1111, 1113 (9th Cir.1995).

Therefore, the district court had to construe the Rule 68 agreement, make findings identifying "the claims against Moses Lake," and specify which attorneys' fees and costs were associated with such claims. Instead of doing so, the district court awarded attorneys' fees to Marchand based on principles developed for making fee awards under 42 U.S.C. § 1988. Specifically, the district court said it was: (1) looking to the relative strengths and weaknesses of the merits of Marchand's action; (2) apportioning fees between successful and unsuccessful claims; (3) evaluating the significance of the overall relief obtained by the plaintiff in relation to the hours reasonably expended on litigation; and (4) considering whether results were excellent or limited. In other words, the district court applied the wrong legal standard.

The majority likewise adopts and applies an erroneous legal standard by holding that the district court was required to apportion fees "in order to ensure that a defendant is not liable for a fee award greater than the actual fees incurred against that defendant." Maj. Op. at 321 (quoting *Jones v. Espy,* 10 F.3d 690, 691 (9th Cir.1993) (quotation marks omitted)). The cases cited by the majority for this proposition, *Jones v. Espy* and *El–Hakem v. BJY Inc.,* 415 F.3d 1068, 1075 (9th Cir. 2005), are entirely inapposite: *Jones* involved the apportionment of attorneys' fees under § 1988 and the Equal Access to Justice Act, *see* 10 F.3d at 691, while *El–Hakem* involved the apportionment of attorneys' fees in a § 1981 claim (thus also under § 1988), *see* 415 F.3d at 1075–76. Neither case involved a Rule 68 agreement. Because a Rule 68 agreement is construed like a contract, *Erdman v. Cochise County,* 926 F.2d 877, 880 (9th Cir. 1991), the principles for awarding fees in civil rights actions are not applicable unless the parties have incorporated such principles into their offer. They have not done so in this case.

Because of its erroneous view of the law, the district court did not make the necessary findings regarding "the claims against

Moses Lake" and the fees and costs associated with such claims. We cannot make such findings on appeal, but must remand to the district court. *See Rolex Watch, U.S.A., Inc. v. Michel Co.,* 179 F.3d 704, 711 (9th Cir.1999). The majority holds that the district court correctly determined the costs associated with the time Marchand spent "pursuing" Moses Lake. Maj. Op. at 321. Moses Lake did not agree to be liable for fees associated with "pursuit," however, but rather for reasonable attorneys' fees and costs incurred by the plaintiff "for the claims against Moses Lake."

Because the majority, like the district court, fails to interpret and apply the terms of the parties' agreement, and instead adopts an erroneous legal standard for awarding attorneys' fees, I respectfully dissent.