**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

MAR 29 2013

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| STONEBRAE L.P., a Delaware limited partnership,<br><br>　　　　Plaintiff - Appellant,<br><br>　v.<br><br>TOLL BROS., INC., a Pennsylvania corporation; TOLL BROTHERS, INC., a Delaware corporation,<br><br>　　　　Defendants - Appellees. | No. 11-16161<br><br>D.C. No. 3:08-cv-00221-EMC<br><br>MEMORANDUM[*] |

| | |
|---|---|
| STONEBRAE L.P., a Delaware limited partnership,<br><br>　　　　Plaintiff - Appellee,<br><br>　v.<br><br>TOLL BROS., INC., a Pennsylvania corporation; TOLL BROTHERS, INC., a Delaware corporation,<br><br>　　　　Defendants - Appellants. | No. 11-16274<br><br>D.C. No. 3:08-cv-00221-EMC |

---

　　　*	This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

Appeal from the United States District Court
for the Northern District of California
Edward M. Chen, Magistrate Judge, Presiding

Argued and Submitted February 13, 2013
San Francisco, California

Before: SCHROEDER, HAWKINS and MURGUIA, Circuit Judges.

Plaintiff-Appellant Stonebrae L.P. appeals the district court's denial of its motions for prejudgment interest and litigation expenses, after it accepted a Fed. R. Civ. P. 68 offer from Defendant-Appellee Toll Bros., Inc. Toll cross appeals to challenge the amount of attorneys' fees awarded to Stonebrae. We affirm.

The usual rules of contract construction apply to Rule 68 offers. *Guerrero v. Cummings*, 70 F.3d 1111, 1113 (9th Cir. 1995) (citing *Herrington v. County of Sonoma*, 12 F.3d 901, 907 (9th Cir. 1993)). Extrinsic evidence may be considered to resolve ambiguities in a Rule 68 offer, and unresolved ambiguities are construed against the offeror. *Herrington*, 12 F.3d at 907. The offer stated that Toll would pay to Stonebrae "[p]rejudgment interest as determined by the Court pursuant to California Civil Code section 3287."

The district court appropriately resolved any ambiguity by considering extrinsic evidence. All of the relevant extrinsic evidence, including unchallenged in-court statements by Toll's attorney, confirmed that the Rule 68 offer left the

2

award of prejudgment interest to the discretion of the judge. Stonebrae moved for prejudgment interest under only § 3287(a). Under that statute, a party may recover prejudgment interest where she "is entitled to recover damages certain, or capable of being made certain by calculation . . . ." Cal. Civ. Code § 3287(a).

California courts have reduced the issue of "certainty" under § 3287(a) to two questions: "(1) whether the debtor knows the amount owed or (2) whether the debtor would be able to compute the damages." *Fireman's Fund Ins. Co. v. Allstate Ins. Co.*, 234 Cal. App. 3d 1154, 1173 (Ct. App. 1991); *see also Chesapeake Indus., Inc. v. Togova Enters., Inc.*, 149 Cal. App. 3d 901, 907 (Ct. App. 1983). In this case, damages were not certain because the damages Stonebrae sought required resolving factual disputes. Where the damages amount depends on the resolution of conflicting evidence, prejudgment interest is inappropriate. *Polster, Inc. v. Swing*, 164 Cal. App. 3d 427, 434 (Ct. App. 1985).

Stonebrae also contends that the Rule 68 offer entitled it to litigation expenses that are not awardable under Cal. Civ. Proc. Code § 1033.5. This contention lacks merit. Stonebrae points to the offer language that included an award of "[c]osts incurred by plaintiffs through the date of this offer." Nothing in the language of the offer suggests that the parties intended to diverge from the costs allowed by § 1033.5. Moreover, any ambiguity is resolved by extrinsic

3

evidence because, although the original contract contemplated both "costs" and "litigation expenses," the Rule 68 offer only included "costs." Stonebrae is not entitled to litigation expenses.

In its calculation of the attorneys' fees award, the district court did not abuse its discretion in refusing to deduct or reduce the hours that Stonebrae's attorneys devoted to invalidating the liquidated damages provision. Courts use the "lodestar" method to calculate reasonable attorneys' fees. *PLCM Group v. Drexler*, 22 Cal. 4th 1084, 1095 (2000). Hours expended on an unrelated and unsuccessful claim may not be included in the lodestar calculation. *Hensley v. Eckerhart*, 461 U.S. 424, 434–35 (1983). Claims that arise from the same course of conduct are related. *Schwarz v. Sec'y of Health & Human Servs.*, 73 F.3d 895, 903 (9th Cir. 1995).

Stonebrae brought two alternative claims: one for the liquidated damages amount, and one for actual damages. Toll contends that the claim for actual damages was unrelated and unsuccessful because Stonebrae accepted the Rule 68 offer of the liquidated damages amount. This contention fails. The claim for actual damages was related to the claim for liquidated damages because they arose from the same course of conduct. *See Schwarz*, 73 F.3d at 903; *Webb v. Sloan*, 330

F.3d 1158, 1168–69 (9th Cir. 2003). The hours expended on the actual damages claim, therefore, may not be deducted.

Toll contends that even if the actual damages claim was related, it was unsuccessful because Stonebrae accepted the liquidated damages amount. The district court correctly concluded otherwise. Stonebrae achieved a speedy settlement for $4,774,944, which constituted all of the relief initially sought by Stonebrae. Where, as here, a party achieves an excellent result, the court should refuse to reduce the lodestar amount. *See Hensley*, 461 U.S. at 435.

Last, the district court did not abuse its discretion in calculating the market rate based on rates for complex litigation. The market for complex litigation is an appropriate reference even where a more specific sub-market may be identifiable. *See Prison Legal News v. Schwarzenegger*, 608 F.3d 446, 455 (9th Cir. 2010).

**AFFIRMED**.