Mattie HOLLAND; Dan Holland, Plaintiffs–Appellees,

v.

Daren ROESER; City of Portland, Defendants–Appellants.

No. 92–35536.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Jan. 4, 1994.

Filed April 26, 1994.

Withdrawn July 8, 1994.

Resubmitted Sept. 26, 1994.

Decided Oct. 3, 1994.

---

502

Harry Auerbach, Deputy City Atty., Portland, OR, for defendants-appellants.

Spencer M. Neal, Ginsburg & Neal, Portland, OR, and Sanford Jay Rosen, Rosen, Bien & Asaro, San Francisco, CA, for plaintiffs-appellees.

Before: POOLE and TROTT, Circuit Judges, and KING,* District Judge.

TROTT, Circuit Judge:

The City of Portland appeals the district court's amended order awarding plaintiffs attorneys' fees pursuant to 42 U.S.C. § 1988 and Federal Rule of Civil Procedure 68. The district court awarded attorney's fees for the time plaintiffs' attorney spent prior to the City's offer of judgment as well as for time spent preparing the fee petition after the plaintiffs accepted the offer of judgment. We affirm.

I

The City of Portland towed and impounded Mattie and Dan Holland's car. At a subsequent administrative tow hearing, a city hearings officer invalidated the tow and ordered the City to return the Hollands' car. The Hollands subsequently filed a complaint alleging the City violated their civil rights. After the parties began settlement talks, the City served the Hollands with a Rule 68 offer of judgment in the "sum of … $500 plus costs now accrued and reasonable attorney fees as determined by the Court."

The Hollands accepted the offer of judgment, but the parties disagreed on the amount of fees to be awarded. The Hollands petitioned the district court for $3377.50 in fees to cover 9.7 hours spent before the settlement and 15.5 hours spent preparing the fee petition and responding to the City's objections to the petition. The district court initially granted the fee award only for the time spent prior to the settlement. After the Hollands filed a motion for reconsideration, however, the district court amended its order and awarded additional fees for 10.2 hours spent on the fee petition.

In its initial opinion, the district court relied on the language of Rule 68 to support its conclusion that the Hollands are not entitled to recover fees for the time spent preparing the fee petition. The relevant part of Rule 68 states:

> At any time more than 10 days before the trial begins, a party defending against a claim may serve upon the adverse party an offer to allow judgment to be taken against the defending party for the money or property or to the effect specified in the offer, *with costs then accrued.*

Fed.R.Civ.P. 68 (1993) (emphasis added). In *Marek v. Chesny,* 473 U.S. 1, 105 S.Ct. 3012, 87 L.Ed.2d 1 (1985), the Supreme Court applied this rule to § 1983 actions, stating, "Since Congress expressly included attorney's fees as 'costs' available to a plaintiff in a § 1983 suit, such fees are subject to the

* Honorable Samuel P. King, Senior United States District Judge for the District of Hawaii, sitting by designation.

cost-shifting provision of Rule 68." *Id.* at 9, 105 S.Ct. at 3016–17. Because Rule 68 limits recovery to "costs then accrued," the district court initially concluded that, absent an agreement to the contrary, the Hollands must bear the costs and fees they incurred in preparing the fee petition.

Following the district court's initial opinion, the Hollands moved for reconsideration, relying primarily on Local Rule 265–4. This rule states in part:

> When a party is entitled to petition the court for an award of attorney's fees, such petition shall be filed with the court within thirty (30) days after entry of judgment. The petition shall set forth succinctly the relevant facts and the argument of the party with supporting authorities and affidavits.

Fed.Local Ct.Rules, D.Oregon, Rule 265–4 (1993). In the motion for reconsideration, the Hollands' attorney argued: "If the local rules require that I expend the effort to liquidate the amount of the fee, then under Section 1988 caselaw I must be awarded fees to cover the time complying with the court's rules."

The district court subsequently issued an amended order granting the Hollands a fee award for the time their attorney spent on the fee petition. The court did not fully explain why it reversed its earlier decision, but simply stated that because the amount of attorney's fees was disputed, the Holland's attorney had to survey the legal community to justify his fee request. The court concluded its brief amended order by stating, "The fees requested are reasonable ... considering the nature of the litigation."

## II

■ Generally, attorney's fee awards are reviewed for an abuse of discretion. *Drucker v. O'Brien's Moving & Storage, Inc.,* 963 F.2d 1171, 1173 (9th Cir.1992). "However, 'any elements of legal analysis and statutory interpretation which figure in the district court's decisions are reviewed de novo.'" *Oviatt v. Pearce,* 954 F.2d 1470, 1481 (9th Cir.1992) (quoting *Hall v. Bolger,* 768 F.2d 1148, 1150 (9th Cir.1985)). Thus, we review de novo the district court's deter-

mination that it can award fees for work done after a plaintiff has accepted a Rule 68 settlement offer.

The Hollands correctly asserted, in their motion for reconsideration, that § 1988 caselaw supports their request for compensation for time spent on the fee petition. We stated in *Clark v. City of Los Angeles,* 803 F.2d 987, 992 (9th Cir.1986), "We, like every other court that has considered the question, have held that the time spent in establishing entitlement to an amount of fees awardable under section 1988 is compensable." *Id.* at 992. These § 1988 cases are somewhat different from the Hollands' action, however, because they did not involve the added complication of a Rule 68 offer of judgment.

■ Under Rule 68, a plaintiff who accepts an offer of judgment is entitled to "costs then accrued." Fed.R.Civ.P. 68. Because the Supreme Court has held that "costs" in a § 1983 action should include attorney's fees, a plaintiff who accepts a Rule 68 offer is entitled to attorney's fees accrued at the time of the offer. *Marek,* 473 U.S. at 9, 105 S.Ct. at 3016. The Court further held in *Marek* that a plaintiff in a § 1983 action who rejects a Rule 68 offer and ultimately recovers less than the offered amount is not entitled to recover post-offer costs or fees. *Id.* at 11, 105 S.Ct. at 3017. The Court did not discuss, nor have we addressed, the question the Hollands raise: Can § 1983 plaintiffs who accept a Rule 68 offer of judgment recover attorney's fees for preparing a post-offer fee petition?

■ The Hollands argue they are entitled to recover post-offer fees because the offer of judgment contained the additional language, not found in Rule 68, "costs now accrued *and reasonable attorney fees as determined by the court.*" (emphasis added). We agree.

In *Clark,* we held time spent litigating attorneys fees in § 1983 cases to be compensable. 803 F.2d at 992. So if Rule 68 were not implicated, the Hollands clearly would be entitled to recover the fees incurred preparing the fee petition. In *Erdman v. Cochise County, Arizona,* 926 F.2d 877 (9th Cir.1991), we stated, "any waiver or limitation of attor-

ney fees in settlements of § 1983 cases must be clear and unambiguous." *Id.* at 880 (citing *Muckleshoot Tribe v. Puget Sound Power & Light Co.,* 875 F.2d 695, 698 (9th Cir. 1989)). The question we must answer, therefore, is whether the City's offer of judgment clearly and unambiguously limited attorney's fees to those incurred prior to the offer.

· It appears an offer of judgment limiting itself to the language of Rule 68 and referring only to "costs now accrued" would satisfy the *Erdman* requirement of a "clear and unambiguous" limitation on attorney's fees. "Costs now accrued" clearly limits costs (and fees in a § 1983 case) to those that accrued prior to the offer. Thus, if the City's offer had contained only that language, we might deny the Hollands' post-offer fees.[1]

We need not decide this question, however, because the offer contained the additional, ambiguous language "costs now accrued *and reasonable attorney fees as determined by the court.*" One could certainly conclude this fee provision is broader than the cost provision and might extend to those fees not already accrued. Thus, the limitation the City apparently intended is no longer clear and unambiguous. Furthermore, we have held that courts should apply the usual rules of contract interpretation to offers of judgment, *Herrington v. County of Sonoma,* 12 F.3d 901, 907 (9th Cir.1993), and these rules dictate that ambiguities be construed against the drafter. *Id.*

We therefore conclude, in light of the rules of contract interpretation and the "clear and unambiguous" requirement articulated in *Erdman,* that the City's offer of judgment did not limit the attorney's fee award to those fees incurred prior to the offer. The district court did not err in awarding the Hollands fees incurred in preparing the post-offer fee petition.

The district court's fee award is AFFIRMED.

---

**1.** Three district courts have considered this question in cases where the language of the offer mirrored Rule 68, and all three denied fees for work done after the plaintiff accepted the offer of judgment. *See Said v. Virginia Commonwealth Univ.,* 130 F.R.D. 60, 64 (E.D.Va.1990) (court limited recovery to costs and fees accrued before the offer was made); *Jones v. Federated Dep't Stores,* 527 F.Supp. 912, 921 (S.D.Ohio 1981) (court declined to grant fees for work done on the attorneys' fees issue because the language of the settlement offer explicitly excluded, as "costs," post-settlement attorneys' fees). *See also Whitcher v. Town of Matthews,* 136 F.R.D. 582, 586–87 (W.D.N.C.1991). *But see David v. AM Int'l,* 131 F.R.D. 86, 90 (E.D.Pa.1990) (although offer did not mention costs at all, plaintiff allowed to recover fees incurred opposing defendant's motions challenging the fee petition).