116 F.3d 485
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Mary ROBINS, Plaintiff-Appellant,
v.
SCHOLASTIC BOOK FAIRS, INC., Defendant-Appellee.
 Nos. 96-35431, 96-35624, 96-35638.
 United States Court of Appeals, Ninth Circuit.
 Submitted May 9, 1997.**
Decided June 12, 1997.
 
 1
 Appeal from the United States District Court for the District of Oregon, No. CV-95-686-REJ; Robert E. Jones, District Judge, Presiding.
 
 
 2
 Before: BRUNETTI and KOZINSKI, Circuit Judges, and LEW, District Judge.***
 
 
 3
 MEMORANDUM*
 
 
 4
 Plaintiff-Appellant Mary Robins appeals the decision of the district court limiting Robins' recovery of attorneys' fees following the acceptance of a Rule 68 offer of judgment. Since the district court did not abuse its discretion in limiting or denying Robins' request for attorneys' fees, we affirm.
 
 I. BACKGROUND
 
 5
 Robins suffered from a blood disorder which caused her doctor to limit her to part-time work. Her employer, Defendant-Appellee Scholastic Book Fairs discharged her for refusing to accept a full-time position. On May 22, 1995, Plaintiff filed a complaint against Defendant for claims arising under the Americans with Disabilities Act ("ADA"), 42 U.S.C. §§ 12111 et seq., the Civil Rights Act, 42 U.S.C. § 1981(a), and related state disability claims. The parties proceeded to litigate the case and eventually moved for summary judgment. Following oral argument held on January 9, 1996, the District Court denied the summary judgment motions of both parties.
 
 
 6
 On January 9, 1996, Scholastic Book Fairs served a Rule 68 offer of judgment allowing judgment against it for $25,000 "plus an additional amount for accrued costs and attorney's fees, which amount shall be determined in accordance with FRCP Rule 54 and Local Rule 265." On January 18, 1996, Scholastic Book Fairs modified the offer to $40,000, which Robins accepted. The district court entered an amended judgment in the amount of $40,000, plus Robins' "reasonable costs of action and attorney's fees incurred in this lawsuit through January 9, 1996."
 
 
 7
 On February 2, 1996, Robins filed a petition for attorney's fees and costs containing a request for $79,243.75 in attorney's fees expended through January 30, 1996. Robins' petition included non-fee petition work through January 18, 1996, and fee petition work from January 19, 1996 through January 30, 1996.
 
 
 8
 On May 1, 1996, the district court awarded attorneys' fees in the reduced amount of $45,787.01. In reaching this amount, the district court (1) excluded the hours expended after January 10, 1996, (2) included the hours expended in preparing the fee petition, (3) reduced the number of total hours by 25%, and (4) reduced the hourly rate of Robins' lead counsel from $185 to $145 per hour. The district court indicated that "[t]his sum [totalling $43,505.07[1] includes all hours reasonably expended which includes all current and future fees incurred in preparing and litigating Plaintiff's Petition for Attorney Fees and Costs. There will be no supplemental award of attorney fees in this case."
 
 
 9
 On May 30, 1996, Robins filed a supplemental petition for attorney's fees containing a request for $5,074.75 for fee petition work from January 31, 1996 through March 7, 1996. The district court denied Robins' supplemental motion stating that "[t]he previous award included all attorney fees."
 
 
 10
 Robins filed a timely appeal seeking additional attorney's fees based on (1) non-fee petition work performed from January 10, 1996 through January 18, 1996, (2) fee petition work performed from January 31, 1996 through March 7, 1996, (3) computation of 100% of allowable hours, and (4) computation of Robins' lead counsel's hours at $185 per hour.
 
 II. DISCUSSION
 A. Standard of Review
 
 11
 The district court's award of attorney's fees is reviewed for an abuse of discretion. Holland v. Roeser, 37 F.3d 501, 503 (9th Cir.1994). However, any elements of legal analysis and statutory interpretation which figure in the district court's decision are reviewed de novo. Id. Under the abuse of discretion standard we cannot substitute our judgment for that of the district court, but must be left with the definite and firm conviction that the court committed a clear error of judgment in reaching its conclusion after weighing the relevant factors. United States v. BNS Inc., 858 F.2d 456, 464 (9th Cir.1988).
 
 
 12
 B. The District Court Did Not Abuse Its Discretion In Awarding Limited Attorneys' Fees
 
 
 13
 1. Denying Hours for Fee Petition Work Requested in the Supplemental Petition
 
 
 14
 Robins argues that the district court erred by failing to award fees related to the preparation of her fee petition. Robins states, incorrectly, that the district court's May 1, 1996 order failed to award these fees. Robins' February 2, 1996 petition included hours for fee petition work from January 19, 1996 through January 30, 1996. The district court excluded the hours for non-fee petition work performed after January 10, 1996, but included the fee petition work. (See Opinion and Order, May 1, 1996, at 9 & n. 8.) Thus, the district court clearly awarded attorney's fees for fee petition work as requested in Robins' February 2, 1996 petition.
 
 
 15
 The district court also stated clearly that this award "includes all current and future fees incurred in preparing and litigating Plaintiff's Petition for Attorney Fees and Costs. There will be no supplemental award of attorney fees in this case." (Id. at 13.) Robins implies in her reply brief that the district court's order failed to provide a reasonable explanation for denying future fees in preparing and litigating the fee petition.
 
 
 16
 The district court abuses its discretion if the record contains no evidence on which it rationally could have based its decision. See Paul, Johnson, Alston & Hunt v. Graulty, 886 F.2d 268, 270 (9th Cir.1989). The record shows that Robins' supplemental request for fee petition work from January 31, 1996 through March 7, 1996, was not filed until May 30, 1996. Robins had ample time to submit supplemental requests prior to the district court's order of May 1, 1996. The district court did not abuse its discretion in ruling that the fee petition work in Robins' original request contained all of the reasonable fee petition work for which Robins could receive an award of attorney's fees.
 
 
 17
 2. Limiting Hours for Non-Fee Petition Work Through January 10, 1996
 
 
 18
 Robins is not entitled to receive fees for non-fee petition work performed after January 10, 1996. During the settlement conference to negotiate the Rule 68 offer of judgment, the parties agreed to limit attorney's fees through January 10, 1996. Magistrate Judge Ashmanskas stated: "The intent [of the agreement] is to cut off the request for attorney fees as of January 10th except for fees that may be incurred in preparing the request for attorney fees.... " (Settlement Tr., January 18, 1996, at 4.) After some discussion, Robins' counsel replied, "That's my understanding." (Id. at 5.) Based on this record of the settlement conference, the district court did not abuse its discretion in limiting the award of attorney's fees to non-fee petition work performed through January 10, 1996.
 
 
 19
 3. Reduction of Hours by 25%
 
 
 20
 The district court did not abuse its discretion by reducing the number of total hours for which Robins could receive fees. The district court considered the factors enumerated in Kerr v. Screen Extras Guild, Inc., 526 F.2d 67, 70 (9th Cir.1975), and concluded that (1) the case ranked "among the most straightforward employment law cases that compose approximately 25% of this Court's civil docket," (2) Robins wasted time bringing and litigating a summary judgment motion that had little chance of success, and (3) Robins' low degree of success did not require the investment of hours claimed by Robins. (Opinion and Order, May 1, 1996, at 10.) The district court was not required to provide detailed analysis of each Kerr factor, see Manhart v. City of Los Angeles Dept. of Water & Power, 652 F.2d 904, 908 (9th Cir.1981), only those that it finds to be relevant. McGrath v. County of Nevada, 67 F.3d 248, 252 (9th Cir.1995). Based on these articulated factors, the district court did not abuse its discretion in limiting the number of recoverable hours by 25%.
 
 4. Reduction of Hourly Rate to $145
 
 21
 The district court did not abuse its discretion by reducing the hourly rate of Robins' lead counsel from $185 to $145. In doing so, the district court correctly considered both "the average ... rate of Portland plaintiffs' civil litigation attorneys" and the relative experience of Robins' lead counsel compared to other civil rights lawyers in the market (Opinion and Order, May 1, 1996, at 11-12), as required by Blum v. Stenson, 465 U.S. 886, 895 & n. 11 (1984).
 
 III. CONCLUSION
 
 22
 Finding no abuse of discretion in limiting and reducing Robins' requests for attorney's fees, the district court's orders are AFFIRMED.
 
 
 
 **
 The panel unanimously finds this case suitable for decision without oral argument. Fed R.App. P. 34(a); 9th Cir. R. 34-4
 
 
 **
 * The Honorable Ronald S.W. Lew, United States District Judge for the Central District of California, sitting by designation
 
 
 *
 This memorandum disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. Rule 36-3
 
 
 [1]
 The district court added $282.00 for expert witness consultation fees to reach a "final fee award totalling $43,787.07." (Opinion and Order, May 1, 1996, at 14.) It is unclear how the district court concluded that Robins should then receive "attorney fees in the sum of $45,787.01." (Id. at 21.) Perhaps Robins received a windfall of $2,000.00