**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

MAY 30 2017

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| EUGENE FORTE, | No. 15-16368 |
| Plaintiff-Appellant, | D.C. No. 1:11-cv-00318-AWI-BAM |
| v. | |
| COUNTY OF MERCED; et al., | MEMORANDUM* |
| Defendants-Appellees. | |

Appeal from the United States District Court
for the Eastern District of California
Anthony W. Ishii, District Judge, Presiding

Submitted May 24, 2017**

Before:     THOMAS, Chief Judge, and SILVERMAN and RAWLINSON,
Circuit Judges.

Eugene Forte appeals pro se from the district court's judgment dismissing

his 42 U.S.C. § 1983 action alleging federal claims arising out of his arrests. We

have jurisdiction under 28 U.S.C. § 1291. We review for an abuse of discretion a

---

    \*      This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

    \*\*      The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

dismissal for failure to comply with a court order. *Pagtalunan v. Galaza*, 291 F.3d 639, 640 (9th Cir. 2002). We affirm.

The district court did not abuse its discretion by dismissing Forte's action with prejudice after Forte failed to comply with the district court's order, despite being warned that failure to comply would result in dismissal. *See id.* at 642-43 (discussing the five factors for determining whether to dismiss for failure to comply with a court order and noting that dismissal should not be disturbed absent "a definite and firm conviction" that the district court "committed a clear error of judgment" (citation and internal quotation marks omitted)).

Because we affirm the district court's dismissal of Forte's action for failure to comply with a court order, we do not consider Forte's challenges to the district court's interlocutory orders. *See Al-Torki v. Kaempen*, 78 F.3d 1381, 1386 (9th Cir. 1996) ("[I]nterlocutory orders, generally appealable after a final judgment, are not appealable after a dismissal for failure to prosecute, whether the failure to prosecute is purposeful or is a result of negligence or mistake." (citation and internal question marks omitted)).

We reject as unsupported by the record Forte's contentions that the district judge should have disqualified himself, that the district judge did not consider

Forte's objections to the findings and recommendations, or that the district court committed fraud.

McClatchy Newspapers, Inc., Los Banos Enterprise, Gene Lieb, and Corey Pride's request for sanctions, set forth in their answering brief, is denied.

Forte's motions (Docket Entry Nos. 17, 31, 33, 107, and 133) are denied.

**AFFIRMED.**