**FOR PUBLICATION**

# UNITED STATES COURT OF APPEALS FOR THE NINTH CIRCUIT

ROBERTA F. MILLER,
    *Plaintiff-Appellant*,

v.

CITY OF PORTLAND; TIMOTHY
MANZELLA, Officer, Personally;
JOHN SCRUGGS, Officer; Personally;
MICHAEL REESE, Personally,
    *Defendants-Appellees.*

No. 14-35783

DC No.
3:12-CV-01222-
AC

OPINION

Appeal from the United States District Court
for the District of Oregon
Marco A. Hernandez, District Judge, Presiding

Argued and Submitted June 5, 2017
Portland, Oregon

Filed August 22, 2017

Before: A. Wallace Tashima, Ronald M. Gould,
and Johnnie B. Rawlinson, Circuit Judges.

Opinion by Judge Tashima

## SUMMARY[*]

### Civil Rights/Attorney's Fees

The panel reversed the district court's order denying an award of attorney's fees to plaintiff in a 42 U.S.C. § 1983 action and remanded for the calculation and award of a reasonable fee award.

Plaintiff sued the City of Portland and three Portland police officers under 42 U.S.C. § 1983 for asserted Fourth Amendment violations.  Portland made a Rule 68 Offer of Judgment for $1,000, plus reasonable attorney's fees to be determined by the district court, which plaintiff accepted. When plaintiff moved for fees, however, the district court denied the motion on the ground that the $1,000 award was a *de minimis* judgment under 42 U.S.C. § 1988.

The panel held that the district court engaged in the wrong analysis when it applied principles governing § 1988 awards, rather than principles governing contract construction, to decide plaintiff's fee motion.  The panel held that a prevailing plaintiff under an accepted Rule 68 Offer, which provides for the award of reasonable attorney's fees, is entitled, under the Rule 68 Offer, to an award of fees in *some* amount.  Thus, the magistrate judge and the district court decided the wrong question – whether plaintiff was *entitled* to fees under § 1988 – rather than the *amount* of fees to which she was entitled under the Rule 68 Offer.  The panel remanded for a determination and award of a reasonable fee.

---

[*] This summary constitutes no part of the opinion of the court.  It has been prepared by court staff for the convenience of the reader.

**COUNSEL**

Leonard Randolph Berman (argued), Law Office of Leonard R. Berman, Portland, Oregon, for Plaintiff-Appellant.

Denis M. Vannier (argued), Deputy City Attorney, Office of the City Attorney, Portland, Oregon, for Defendants-Appellees.

**OPINION**

TASHIMA, Circuit Judge:

Roberta Miller appeals the district court's denial of her motion for attorney's fees. Miller sued the City of Portland ("Portland") and three Portland police officers under 42 U.S.C. § 1983 for asserted Fourth Amendment violations. Portland made a Rule 68 Offer of Judgment (the "Rule 68 Offer" or "Offer") for $1,000, plus reasonable attorney's fees to be determined by the district court. Miller timely accepted the Offer. When Miller moved for fees, however, the district court denied the motion on the ground that the $1,000 award was a *de minimis* judgment under 42 U.S.C. § 1988.

Portland's Rule 68 Offer – and Miller's acceptance – which we interpret as a contract, provided that Miller would receive her reasonable attorney's fees, without referencing § 1988 or otherwise reserving to the district court the antecedent question of whether Miller was entitled to a fee award. We have jurisdiction under 28 U.S.C. § 1291. We

reverse and remand for a determination and award of a reasonable fee.

## FACTUAL AND PROCEDURAL BACKGROUND

Miller brought this action on behalf of herself and the estate of her unborn child[1] against defendants, asserting Fourth Amendment claims under § 1983 and state-law tort claims under Oregon law based on the following factual allegations: in July 2010, when she was seven-and-a-half months pregnant, Portland police officers confronted her about her tenancy at a building in Portland and, during the confrontation, used excessive force against her by shoving her against the roll bar of a police vehicle. She further alleges that she experienced four days of intense pain, was admitted to the hospital, and suffered an aborted pregnancy. Miller sought compensatory damages in the amount of $1 million, plus punitive damages.

Miller amended her complaint five months after filing it. She omitted reference to herself as representative of her unborn child and dropped the wrongful death claim. Because she continued to maintain, however, that she was pregnant at the time of her encounter with police, Portland moved to compel discovery of records related to Miller's alleged pregnancy. The district court granted the motion to compel and ordered Miller to produce medical records. She did not produce the records by the court-ordered deadline.

---

[1] Before filing this action, Miller petitioned an Oregon state court to have an estate opened and administered on behalf of her unborn fetus. The petition was denied for reasons that are not clear from the record.

Portland served a Rule 68 Offer of Judgment on Miller, s*ee* Fed. R. Civ. P. 68, which provided in relevant part:

> Pursuant to Fed. R. Civ. P. 68, defendant City of Portland hereby offers to allow judgment in the above-captioned matter to be taken against it by plaintiff for the sum of One Thousand and no/100 Dollars ($1,000.00), plus costs (excluding any prevailing fee), and including reasonable attorney's fees to be determined by the Court, incurred as of April 16, 2013, and for the dismissal with prejudice of defendants Officer John Scruggs, Officer Timothy Manzella and Chief Michael Reese.

It is undisputed that the $1,000 sum does *not* include the fee amount; attorney's fees were to be awarded in addition to the $1,000. Miller timely accepted the Offer.

After the district court entered judgment against Portland and dismissed the individual police officers, Miller filed a motion requesting $16,900 in attorney's fees. Portland opposed the motion, arguing that Miller should receive no fees because $1,000 was a *de minimis* judgment, and in the alternative, contesting the amount sought.

The district court referred the motion to a magistrate judge, who issued a Findings & Recommendation ("F&R"). Instead of analyzing Miller's fee request under the terms of the accepted Offer, the magistrate judge analyzed her request under 42 U.S.C. § 1988, which gives courts the discretion to award fees to the prevailing party in a § 1983 action under certain circumstances. The magistrate judge took up the question, "as a threshold matter," of "whether Miller is

*entitled* to a fee award." He first acknowledged that Miller was the prevailing party, as Portland conceded. He nevertheless concluded that Miller was not entitled to fees, reasoning that the $1,000 award "constitutes a *de minimis* judgment" under *Farrar v. Hobby*, 506 U.S. 103, 115 (1992), which held that a prevailing § 1983 plaintiff who is awarded only nominal, *i.e.*, *de minimis*, damages is usually not entitled to recover fees under § 1988. *Id.* The magistrate judge concluded that Miller's award was nominal because it "seems inadequate compensation for the injuries Miller claims to have suffered in this case." After weighing the factors that courts consider in determining whether a plaintiff is entitled to fees under § 1988 despite receiving only nominal damages, the magistrate judge determined that Miller was not so entitled. On that basis, the magistrate judge recommended denying Miller's motion for fees and did not reach the issue of the amount.

Miller objected to the magistrate judge's F&R. The district court overruled the objections, adopted the F&R, and denied the fee motion. Miller timely appealed.

## STANDARD OF REVIEW

"[A]ttorney's fee awards are reviewed for an abuse of discretion." *Holland v. Roeser*, 37 F.3d 501, 503 (9th Cir. 1994). "A district court abuses its discretion when it awards fees 'based on an inaccurate view of the law or a clearly erroneous finding of fact.'" *Wilcox v. City of Reno*, 42 F.3d 550, 553 (9th Cir. 1994) (quoting *Corder v. Gates*, 947 F.2d 374, 377 (9th Cir. 1991)). "[A]ny elements of legal analysis and statutory interpretation which figure in the district court's decisions [regarding the fee] are reviewed de novo." *Holland*, 37 F.3d at 503 (internal quotation marks omitted).

We also review *de novo* a district court's interpretation of a Rule 68 offer of judgment. *See id.*

DISCUSSION

The sole issue on appeal is whether a prevailing plaintiff under an accepted Rule 68 Offer, which provides for the award of reasonable attorney's fees, is entitled, under the Rule 68 Offer, to an award of fees in *some* amount.**[2]** We conclude that she is; therefore, that the district court abused its discretion in denying Miller's motion for fees on the ground that the amount of her agreed-upon Rule 68 award was *de minimis*, where the Rule 68 Offer expressly provided that she was entitled to a reasonable fee award. We further conclude that the district court's ruling was erroneous because it was "based on an inaccurate view of the law," *Wilcox*, 42 F.3d at 553 (internal quotation marks omitted), and therefore an abuse of discretion.

## A. Rule 68

Rule 68(a) of the Federal Rules of Civil Procedure provides:

> At least 14 days before the date set for trial, a party defending against a claim may serve on an opposing party an offer to allow judgment

---

**[2]** The question of whether a $0.00 or nominal award, such as $1.00, could constitute a reasonable fee award under a Rule 68 Offer is not before us and we need not decide it. We neither encourage nor dissuade the district court on remand from inquiring into whether, under a contract principle analysis, an award of $0.00, or a nominal amount, could constitute a reasonable fee award in this case.

> on specified terms, with the costs then accrued. If, within 14 days after being served, the opposing party serves written notice accepting the offer, either party may then file the offer and notice of acceptance, plus proof of service. The clerk must then enter judgment.

Once accepted, an offer of judgment becomes a settlement agreement. *Guerrero v. Cummings*, 70 F.3d 1111, 1113 (9th Cir. 1995). Accordingly, "[t]he 'usual rules of contract construction' apply to interpreting the terms of a Rule 68 settlement offer in a § 1983 case." *Id.* (quoting *Herrington v. Cty. of Sonoma*, 12 F.3d 901, 907 (9th Cir. 1993)).

## B.  42 U.S.C. § 1988

"In an action brought pursuant to 42 U.S.C. § 1983, 'the court, in its discretion, may allow the prevailing party, other than the United States, a reasonable attorney's fee as part of the costs. . . .'" *Benton v. Or. Student Assistance Comm'n*, 421 F.3d 901, 904 (9th Cir. 2005) (quoting 42 U.S.C. § 1988(b)). "A § 1983 plaintiff who receives a nominal damage award is a prevailing party for purposes of § 1988," but "[t]hat does not . . . mean that such a plaintiff is necessarily entitled to an award of fees." *Id.* (citing *Farrar*, 506 U.S. at 112, 114). In deciding a § 1988 fee motion, "the district court's first consideration must be whether the nominal damages plaintiff is entitled to any fees at all." *Id.* at 905.[3] "[A] district court should give primary consideration

---

[3] Fees may also be denied under § 1988 "when special circumstances exist sufficient to render an award unjust," even if an award is not nominal. *Mendez v. Cty. of San Bernardino*, 540 F.3d 1109, 1126 (9th

to the degree of success achieved when it decides whether to award attorney's fees." *Wilcox*, 42 F.3d at 554. "If a district court chooses to award fees after a judgment for only nominal damages, it must point to some way in which the litigation succeeded, *in addition* to obtaining a judgment for nominal damage."[4] *Id.* at 555.

## C. Analysis

The district court engaged in the wrong analysis when it applied principles governing § 1988 awards, rather than principles governing contract construction, to decide Miller's fee motion. We have repeatedly emphasized that Rule 68 offers of judgment are "analyzed in the same manner as any contract." *Erdman v. Cochise Cty.*, 926 F.2d 877, 880 (9th Cir. 1991). Plaintiffs are "entitled to rely on the plain language of the offer [they] accepted," *id.* at 897, and "any ambiguities are construed against the drafter," *id.* at 880. *See also id.* at 881 ("[T]he [defendant] is bound by the letter of its agreement.").

For instance, in *Holland*, we addressed a provision in a Rule 68 offer of judgment that allowed the plaintiffs to recover "costs now accrued *and reasonable attorney fees as*

Cir. 2008) (internal quotation marks omitted), *overruled on other grounds by Arizona v. ASARCO LLC*, 773 F.3d 1050, 1058 n.1 (9th Cir. 2014) (en banc). The court determines "whether special circumstances exist by asking whether (1) allowing attorney's fees would further the purposes of § 1988 and (2) whether the balance of equities favors or disfavors the denial of fees." *Id.* (internal quotation marks omitted). This "special circumstances" provision is not at issue in this case.

[4] We assume, without deciding, that a settlement award of $1,000 qualifies as "nominal" damages.

*determined by the court*." *See* 37 F.3d at 502 (internal quotation marks omitted) (emphasis added). The issue was whether the plaintiffs could only recover fees incurred prior to accepting the offer, or could also seek fees incurred in preparing their fee motion. *Id.* at 503. At the outset, we noted that, "if Rule 68 were not implicated," the case would be controlled by *Clark v. City of Los Angeles*, 803 F.2d 987 (9th Cir. 1986), which held that "time spent litigating attorneys fees in § 1983 cases [is] compensable." *Holland*, 37 F.3d at 503. However, because the proper analysis was under Rule 68, we instead applied *Erdman* and "the usual rules of contract interpretation." *Id.* at 504. We concluded that the phrase "costs now accrued and reasonable attorney fees" was "ambiguous," and, construing that term "against the drafter," we held that "the City's offer of judgment did not limit the attorney's fee award to those fees incurred prior to the offer." *Id.* (internal quotation marks and emphasis omitted).

Applying the same analytical framework to the Offer at hand, we conclude that the district court was required to determine and award a reasonable amount in attorney's fees to Miller. The Offer authorized Miller to recover "reasonable attorney's fees to be determined by the Court," plainly entitling Miller to a reasonable amount to compensate her counsel. Like in *Holland*, considerations that govern the decision to award fees under §§ 1983 and 1988 are not applicable to this case, as those considerations were not incorporated into the Offer. Here, such considerations include whether Miller's judgment was *de minimis*, whether Miller was a 'prevailing' party, and other factors that could lead to the outright denial of fees on the ground that Miller is not entitled to any. In short, because "the settlement provided that [Miller] would be awarded reasonable fees," the district

court "did not need to determine *whether* fees should have been awarded." *See Bell v. United Princeton Props., Inc.*, 884 F.2d 713, 725 (3d Cir. 1989) (emphasis added). Thus, the magistrate judge and the district court decided the wrong question – whether Miller was *entitled* to fees under § 1988 – rather than the *amount* of fees to which she was entitled under the Rule 68 Offer.

The Seventh Circuit has held that a district court may deny fees in § 1983 cases in which the offer of judgment only expressly shifted *costs*. *See, e.g.*, *Fisher v. Kelly*, 105 F.3d 350, 352 (7th Cir. 1997) (offer provided that plaintiff would recover "costs accrued to date") (internal quotation marks omitted). Our holding is consistent with *Fisher*, given the lack of any express fee-shifting provision in the offer at issue in that case. By contrast, here, Miller was "entitled to rely on the plain language of the offer," *Erdman*, 926 F.2d at 879, which expressly provided for fees without referencing § 1988.

Accordingly, the order of the district court denying the award of fees is reversed and the matter remanded for the calculation and award of a reasonable attorney's fee. Plaintiff-Appellant shall recover her costs on appeal.

**REVERSED and REMANDED with directions.**