**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

APR 30 2018

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

NATHALIE THUY VAN,

Plaintiff-Appellant,

v.

LANGUAGE LINE SERVICES, INC.;
LANGUAGE LINE LLC,

Defendants-Appellees.

No.  16-16386
16-16797
16-16798

D.C. No. 5:14-cv-03791-LHK

MEMORANDUM[*]

Appeal from the United States District Court
for the Northern District of California
Lucy H. Koh, District Judge, Presiding

Submitted April 26, 2018[**]
San Francisco, California

Before:  TROTT, SILVERMAN, and TALLMAN, Circuit Judges.

Nathalie Thuy Van appeals pro se the district court's judgment, following a

jury trial, in her action under the Fair Labor Standards Act and California state law

against Language Line Services, Inc., and Language Line, Inc. (collectively

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument.  See Fed. R. App. P. 34(a)(2).

"Language Line"), which employ her as a Vietnamese language interpreter.  On appeal, Van contends that the district court erred by (1) denying her motions to disqualify the district court judge, (2) excluding certain paystubs as evidence, (3) fraudulently entering or replacing documents in the court's docket, (4) permitting court employees to surreptitiously replace a jury member, (5) providing an erroneous jury instruction, (6) conducting ex parte communications with Language Line's attorneys, (7) denying her right to access the courts through the aforementioned actions, (8) improperly granting partial summary judgment to Language Line, (9) denying her motion for attorneys' fees, and (10) granting Language Line's bill of costs pursuant to Federal Rule of Civil Procedure ("Rule") 68.  We have jurisdiction under 28 U.S.C. § 1291, and we affirm the district court's rulings.

1.  "'[J]udicial rulings alone almost never constitute a valid basis for a bias or partiality motion,' and 'expressions of impatience, dissatisfaction, annoyance, and even anger' alone are insufficient to establish 'bias or partiality.'"  *United States v. McChesney*, 871 F.3d 801, 807 (9th Cir. 2017) (quoting *Liteky v. United States*, 510 U.S. 540, 555–56 (1994)).  Because Van provided no credible evidence to support her claim of judicial bias, the district court did not abuse its discretion in denying her motion to disqualify the district judge.  *See id.* at 808–09.

2.  "We review evidentiary decisions for an abuse of discretion."  *Flores v.*

2

*City of Westminster*, 873 F.3d 739, 753–54 (9th Cir. 2017). Although Van generally alleges that the district court improperly excluded certain "forged" paystubs, she did not allege how those paystubs were material to her claims or that their exclusion prejudiced her in any way. Accordingly, we cannot say the district court abused its discretion in denying the paystubs' admission.

3. We reject as unsupported by the record Van's contentions that the district judge committed fraud, entered or manipulated court documents, or permitted a court employee to surreptitiously act as a member of the jury. *See Forte v. Cty. of Merced*, 691 F. App'x 473, 474 (9th Cir. 2017).

4. Because Van only makes conclusory allegations without identifying what errors in the jury instruction the district court made, we cannot say the district court abused its discretion in advising the jury regarding the calculation of liquidated damages. *United States v. Kaplan*, 836 F.3d 1199, 1214 (9th Cir. 2016).

5. Van's evidence of ex parte communication, including an email from Language Line that stated it would "await further order from the district court on the redactions," did not establish bias nor show that ex parte communication between the court and Language Line even occurred. Thus, the district court did not abuse its discretion by denying recusal under these circumstances. *See United States v. Hernandez-Escarsega*, 886 F.2d 1560, 1581 (9th Cir. 1989).

6. In order to bring an access claim, Van must put forth some nonfrivolous,

3

arguable claim that the court's actions "have caused the loss or inadequate settlement of a meritorious case, the loss of an opportunity to sue, or the loss of an opportunity to seek some particular order of relief[.]" *Christopher v. Harbury*, 536 U.S. 403, 414–15 (2002) (internal citations omitted). Van asserts that she was denied access to the court because the court failed to serve her with the proposed preliminary jury instructions and filed her witness list after the trial. However, the record reflects that she was able to file and argue her objections to the proposed instructions and she does not identify a witness she was unable to call as a result of the court's actions. Accordingly, Van's claim fails because she cannot show the requisite injury in fact. *See Lewis v. Casey*, 518 U.S. 343, 351–55 (1996).

7. We review an order granting summary judgment *de novo*. *Fober v. Mgmt. & Tech. Consultants, LLC*, 886 F.3d 789, 792 n.1 (9th Cir. 2018) (citing *Metro. Life Ins. Co. v. Parker*, 436 F.3d 1109, 1113 (9th Cir. 2006)). Van contends that the district court erroneously granted summary judgment against her on her (1) contract claim because the court failed "to consider promissory estoppel" or another contract between Language Line and a third party, and (2) retaliation claim because she "failed to mention the word 'Common Law' in her dispositive motion for summary judgment."

Because promissory estoppel does not operate to extend or toll the four-year statute of limitations for this type of contact claim, *see* Cal. Civ. P. Code § 337; *see*

4

*also Donoghue v. Cty. of Orange,* 848 F.2d 926, 930 (9th Cir. 1987), she was not a third party beneficiary of Language Line's contract, and Van failed to provide evidence that establishes a genuine dispute of material fact of an adverse employment action, we affirm the district court's ruling.  Furthermore, Van's failure to make any argument or raise any facts to show how the district court erred in granting summary judgment as to her claims for intentional infliction of emotional distress and failure to permit timely inspection of wage statements constitutes waiver.  *See* Fed. R. App. P. 28(a)(8); *Kohler v. Inter-Tel Techs.*, 244 F.3d 1167, 1182 (9th Cir. 2001).

8.  In light of Van's limited success and her failure to demonstrate that the fees requested were not "excessive, redundant, or otherwise unnecessary," *Hensley v. Eckerhart*, 461 U.S. 424, 434 (1983), the district court's denial of Van's request for attorneys' fees was not an abuse of discretion.  *U.S. ex rel. Haycock v. Hughes Aircraft Co.*, 99 F.3d 1148 (9th Cir. 1996).

9.  We review a district court's decision to award costs under Rule 68 for an abuse of discretion.  *Miller v. City of Portland*, 868 F.3d 846, 850 (9th Cir. 2017).  Because Van failed to previously object to the manner of service, we affirm the court's finding that strict compliance with Rule 5(b) was excused for "exceptional good cause."  *See Magnuson v. Video Yesteryear,* 85 F.3d 1424, 1431 (9th Cir. 1996).  Therefore, the district court did not abuse its discretion in awarding costs

based on Van's refusal of Language Line's proposed $69,696.60 settlement and her ultimate jury verdict of only $2,724.58.

10. We have considered all other claims she raises and reject them as either unsupported in the record or waived.

Costs are awarded to Language Line.

**AFFIRMED.**