**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

JAN 24 2020

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| COLLABORATIVE CONTINUING EDUCATION COUNCIL INCORPORATED, DBA Divorce This House, DBA DivorceThisHouse.com, a Tennessee corporation; KELLY MURRAY, <br><br>     Plaintiffs/Counterclaim-Defendants–Appellants, <br><br>   v. <br><br> STARKS REALTY GROUP, INC., a California corporation; et al., <br><br>     Defendants/Counterclaim-Plaintiffs–Appellees. | No. 18-16247 <br><br> D.C. No. 2:16-cv-01641-SRB <br><br> MEMORANDUM* |

Appeal from the United States District Court
for the District of Arizona
Susan R. Bolton, District Judge, Presiding

Argued and Submitted January 10, 2020
San Francisco, California

Before: WALLACE and FRIEDLAND, Circuit Judges, and LASNIK,** District Judge.

---

    * This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

    ** The Honorable Robert S. Lasnik, United States District Judge for the Western District of Washington, sitting by designation.

Collaborative Continuing Education Council, Inc. and Kelly Murray (collectively, "Plaintiffs") sued Starks Realty Group, Inc., Laurel Starks, Sean Starks, and Unhooked Books, LLC (collectively, "Defendants") for trademark infringement, false designation of origin, and unfair competition under the Lanham Act, 15 U.S.C. § 1125(a); cybersquatting under the Anticybersquatting Consumer Protection Act, 15 U.S.C. § 1125(d); and state common law unfair competition. Plaintiffs alleged that Defendants' use of phrases including "Divorce the House" and "Divorcing the House" infringed Plaintiffs' unregistered trademarks in terms including "Divorce this House" and "Divorce the House, Not Just Your Spouse" in connection with the divorce real estate continuing education market.

About ten months after Plaintiffs filed their action, and before any case-dispositive motions had been filed, Defendants made Plaintiffs a settlement offer, pursuant to Federal Rule of Civil Procedure 68, "to allow judgment to be taken against Defendants and in favor of Plaintiffs" in exchange for Plaintiffs' acceptance of $15,000, "with no admission of liability of the Defendants to the Plaintiffs." Plaintiffs timely accepted the offer and the district court entered judgment "against" Defendants. Defendants paid Plaintiffs $15,000 plus costs.

Plaintiffs then filed a motion for attorney's fees and additional costs under 15 U.S.C. § 1117(a), which Defendants opposed and the district court denied. Plaintiffs appeal from the denial of their motion for attorney's fees and additional

2

costs.  We affirm.

District courts may award attorney's fees for claims brought under the Lanham Act or the Anticybersquatting Consumer Protection Act if the party seeking fees is the "prevailing party" and if the case is "exceptional."  *See* 15 U.S.C. § 1117(a).[1]  The district court denied Plaintiffs' motion for two independent reasons: it first concluded that Plaintiffs were not "prevailing" parties, and it then held that, even if they had been, this was not an "exceptional case[]."  *See id.*  We need not resolve the parties' dispute over whether the district court erred in failing to treat Plaintiffs as "prevailing" parties because the district court did not abuse its discretion in holding that this was not an exceptional case.

To determine whether a case is "exceptional," district courts "should examine the 'totality of the circumstances.'"  *SunEarth, Inc. v. Sun Earth Solar Power Co.*, 839 F.3d 1179, 1181 (9th Cir. 2016) (en banc) (quoting *Octane Fitness, LLC v. ICON Health & Fitness, Inc.*, 572 U.S. 545, 554 (2014)).  "[A]n 'exceptional' case is simply one that stands out from others with respect to the

---

[1] Where, as here, judgment is entered following a party's acceptance of an offer pursuant to Rule 68, the question of entitlement to a fee award may require application of "principles governing contract construction" instead of the otherwise applicable authority that would determine whether a fee award is available.  *See Miller v. City of Portland*, 868 F.3d 846, 851 (9th Cir. 2017).  Neither party has argued that the terms of Defendants' Rule 68 offer contractually displaced the otherwise applicable analysis under 15 U.S.C. § 1117(a), and we do not so conclude *sua sponte*.

3

substantive strength of a party's litigating position (considering both the governing law and the facts of the case) or the unreasonable manner in which the case was litigated." *Id.* at 1180 (quoting *Octane Fitness*, 572 U.S. at 554). A district court's decision on a motion for attorney's fees is reviewed for abuse of discretion. *See id.* at 1181.

As an initial matter, Plaintiffs argue that we are unable to engage in "meaningful review on appeal" because the district court addressed exceptionality "in a single footnote without any analysis." We disagree. The district court's explanation, though terse, reflects that it properly considered the totality of the circumstances, taking into account its assessment of both the strength of Plaintiffs' claims and the reasonableness of Defendants' litigation conduct. And Plaintiffs have not pointed us to any binding authority requiring a particular level of detail in a district court's reasoning regarding exceptionality under the Lanham Act.

Nor have Plaintiffs demonstrated reversible substantive error regarding the district court's conclusions that neither the strength of Plaintiffs' claims nor Defendants' manner of litigating the case makes it "stand[] out from others." *See Octane Fitness*, 572 U.S. at 554. Plaintiffs argue that Defendants engaged in willful infringement, that Defendants waited until after this lawsuit was filed to make certain changes to their product names, and that Defendants failed to preserve evidence that would show what their websites had looked like before they

made changes to refer to new product names. But these contentions largely go to disputed issues that were not presented to the district court for substantive resolution before the parties agreed to settle the case. The evidence on these issues was not so tilted in Plaintiffs' favor as to warrant a post-judgment resolution in Plaintiffs' favor—let alone a determination that these issues were material enough to make the case as a whole exceptional.[2]

**AFFIRMED.**

---

[2] To the extent Plaintiffs rely on an alleged factual error in the district court's description of the timing of changes made by Defendants, they have not shown that the difference between what the district court stated about this timing and what the evidence shows would change the outcome as to whether the case is exceptional.