NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

AUG 13 2020

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| HUNG NGUYEN,<br><br>        Plaintiff-Appellant,<br><br>  v.<br><br>REGENTS OF THE UNIVERSITY OF CALIFORNIA; FARYAR JABBARI, in his individual capacity; GREGORY WASHINGTON, in his individual capacity; DIANE K. O'DOWD, in her individual capacity; ENRIQUE J. LAVERNIA, in his individual capacity; DOES, 1 through 10,<br><br>        Defendants-Appellees. | Nos.  18-56410<br>        19-55370<br><br>D.C. No.<br>8:17-cv-00423-JVS-KES<br><br>MEMORANDUM* |

Appeal from the United States District Court
for the Central District of California
James V. Selna, District Judge, Presiding

Argued and Submitted July 20, 2020
Pasadena, California

Before: BEA and BADE, Circuit Judges, and DRAIN,** District Judge.

Plaintiff-Appellant Hung Nguyen appeals the district court's grant of

---

    *      This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

    **    The Honorable Gershwin A. Drain, United States District Judge for the Eastern District of Michigan, sitting by designation.

summary judgment in favor of Defendants-Appellees, the Regents of the University of California (the "Regents") and individual administrators (the "individual Defendants") at the University of California, Irvine ("UCI"). Nguyen, a former UCI engineering professor, asserted employment discrimination and retaliation claims under 42 U.S.C. § 1983 and Title IX against the Regents and the individual Defendants. Nguyen alleged that the individual Defendants denied him tenure because of his sexual orientation, in violation of the Equal Protection Clause of the Fourteenth Amendment, and that the Regents' conduct amounted to deliberate indifference to these acts, in violation of Title IX. Nguyen also appeals the district court's award of attorney's fees to Defendants under 42 U.S.C. § 1988. We have jurisdiction under 28 U.S.C. § 1291. Reviewing de novo, *Asarco LLC v. Atl. Richfield Co.*, 866 F.3d 1108, 1118 (9th Cir. 2017), we affirm the district court's grant of summary judgment; however, we conclude that the district court abused its discretion by awarding fees. *See Miller v. City of Portland*, 868 F.3d 846, 850 (9th Cir. 2017). Thus, we vacate the attorney's fee award and remand to the district court for further consideration.

1. To prevail on his § 1983 employment discrimination claims, Nguyen must prove "that the defendants, acting under color of state law, discriminated against [him] as [a] member[] of an identifiable class and that the discrimination was intentional." *Flores v. Morgan Hill Unified Sch. Dist.*, 324 F.3d 1130, 1134

2

(9th Cir. 2003).  Although a constitutional claim, the parties agree that the *McDonnell Douglas* burden-shifting analysis applies.  *See Anthoine v. N. Cent. Cntys. Consortium*, 605 F.3d 740, 753 (9th Cir. 2010).  Under this standard, Nguyen bears the initial burden of establishing a prima facie case of discrimination.  *See McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 802 (1973)*.*  If he does, the burden of production shifts to Defendants to provide a legitimate, nondiscriminatory reason for the adverse action.  *Chuang v. Univ. of Cal. Davis, Bd. of Trs.*, 225 F.3d 1115, 1123–24 (9th Cir. 2000).  If Defendants meet this burden, Nguyen "must show that the articulated reason is pretextual."  *Id.* at 1124.  When, as here, the plaintiff presents only circumstantial evidence of discrimination, evidence of pretext must be both "specific and substantial" to survive summary judgment.  *EEOC v. Boeing Co.*, 577 F.3d 1044, 1049 (9th Cir. 2009) (quoting *Coghlan v. Am. Seafoods Co.*, 413 F.3d 1090, 1095 (9th Cir. 2005)).

The district court concluded that Nguyen failed to state a prima facie case of discrimination against three of the individual Defendants—Enrique Lavernia, Diane O'Dowd, and Gregory Washington—because a rational factfinder could not conclude that each knew Nguyen's sexual orientation.  We agree that the record contains no evidence of knowledge by either Lavernia or O'Dowd.  Thus, Nguyen's claims against these individual Defendants fail at the step one of

*McDonnell Douglas*.  *See Robinson v. Adams*, 847 F.2d 1315, 1317 (9th Cir. 1987) (concluding that *McDonnell Douglas* cannot create an inference of intentional discrimination when the defendants were unaware of the plaintiff's protected characteristic).  But the same cannot be said about Washington.  In contrast to the district court's conclusion, the record contains evidence—a declaration from Nguyen's former partner—that Washington knew of Nguyen's sexual orientation.  And as the district court found, a factfinder could conclude that the fourth individual Defendant, Faryar Jabbari, knew as well.

Nonetheless, Defendants contend that Nguyen's discrimination claims fail at step one of *McDonnell Douglas* as to each Defendant.  Specifically, they argue that Nguyen did not produce evidence that he was performing competently in his role, and thus, was not qualified to receive tenure.  We disagree.  At step one of *McDonnell Douglas*, a plaintiff "must produce . . . 'very little'" evidence.  *Peterson v. Hewlett-Packard Co.*, 358 F.3d 599, 603 (9th Cir. 2004) (quoting *Chuang*, 225 F.3d at 1124).  And he demonstrates he is sufficiently qualified for purposes of his prima facie case when, as here, he "was considered by the University for promotion."  *Laborde v. Regents of Univ. of Cal.*, 686 F.2d 715, 718 (9th Cir. 1982).  Accordingly, we conclude that Nguyen stated a prima facie case of discrimination against both Jabbari and Washington.

Nonetheless, Nguyen's remaining discrimination claims fail at step three of

4

*McDonnell Douglas*. Defendants offered legitimate, nondiscriminatory reasons for denying him tenure—specifically, his limited record of academic publications, lack of success in obtaining external funding, and his lukewarm third-party reviews. *See Lynn v. Regents of Univ. of Cal.*, 656 F.2d 1337, 1344 (9th Cir. 1981) ("Without doubt, deficient scholarship is a legitimate, nondiscriminatory reason to deny salary increases or tenure."). Nguyen failed to demonstrate that these reasons were pretextual. In contrast to his arguments, we find nothing inconsistent about the individual Defendants' justifications for denying him tenure. *See Aragon v. Republic Silver State Disposal Inc.*, 292 F.3d 654, 661 (9th Cir. 2002). Similarly, although Nguyen points to evidence in the record indicating that others with similar discrete achievements received tenure, he fails to identify another individual who received tenure and was "similar [to him] in material respects." *Earl v. Nielsen Media Rsch., Inc.*, 658 F.3d 1108, 1114 (9th Cir. 2011). Thus, Nguyen failed to rebut Defendants' reasons for denying him tenure. Accordingly, the district court correctly granted summary judgment on Nguyen's employment discrimination claims.

2. For the same reasons, we find that the district court correctly granted summary judgment to the Regents on Nguyen's Title IX sexual orientation discrimination claim. Assuming such a claim is cognizable, the *McDonnell Douglas* framework applies with equal force because Nguyen's claims "mirror

5

those" against the individual Defendants under § 1983. *Campbell v. Hawaii Dep't of Educ.*, 892 F. 3d 1005, 1023 (9th Cir. 2013). Thus, because Nguyen's claims fail against the individuals under *McDonnell Douglas*—whether at step one or step three—his claims against the Regents also fail. *See id.*; *Reese v. Jefferson Sch. Dist. No. 14J*, 208 F.3d 736, 739 (9th Cir. 2000).[1]

3.      Summary judgment was also appropriate on Nguyen's § 1983 claim that the individual Defendants retaliated against him in violation of the Equal Protection Clause. To prevail on this claim, Nguyen must show "(a) that he . . . was engaged in protected activity, (b) that he . . . suffered an adverse action, and (c) that there was a causal link between the two." *Emeldi v. Univ. of Or.*, 698 F.3d 715, 724 (9th Cir. 2012). He has not done so here.

Nguyen identifies three purported protected actions: (1) drafting a letter during the tenure process containing an allegation of sexual orientation discrimination; (2) submitting the final copy of that letter, which lacked the specific allegations contained in his earlier draft, as part of his tenure file; and (3) formally alleging to a non-defendant administrator that he was denied tenure because of his sexual orientation. Nguyen fails to show, however, that any

---

[1] We need not determine, as the district court did, whether Title IX's implied cause of action extends to sex discrimination claims brought by employees of federally-funded institutions because we affirm on alternate grounds. *See Cairns v. Franklin Mint Co.*, 292 F.3d 1139, 1155 n.14 (9th Cir. 2002).

Defendant was aware of the allegations in his draft letter or the formal allegation. Thus, he cannot demonstrate a causal connection between these actions and Defendants' conduct. *See Raad v. Fairbanks N. Star Borough Sch. Dist.*, 323 F.3d 1185, 1197–98 (9th Cir. 2003). And, although the individual Defendants knew of Nguyen's final letter, the allegations within it were too vague to constitute an assertion of Nguyen's Fourteenth Amendment rights.[2] Accordingly, Nguyen failed to state a prima facie case of retaliation. For the same reasons, his Title IX retaliation claim lacked evidence sufficient to survive summary judgment. *See Emeldi*, 698 F.3d at 724.

4.   Finally, Nguyen argues that the district court erred by awarding Defendants $144,670 in attorney's fees.[3] In actions brought pursuant to § 1983 and Title IX, "the court, in its discretion, may allow the prevailing party . . . a reasonable attorney's fee." 42 U.S.C. § 1988(b). When the prevailing party is a defendant, the court may award fees when it finds that the action was "frivolous, unreasonable, or without foundation." *Christiansburg Garment Co. v. EEOC*, 434 U.S. 412, 421 (1978). When the action contains both frivolous and non-frivolous claims, however, the prevailing "defendant must demonstrate that the work for

---

[2] Additionally, Nguyen's formal allegation occurred after UCI's decision to deny him tenure. Thus, Nguyen cannot establish a causal connection between the allegation and the final decision to deny him tenure.

[3] Nguyen does not challenge the district court's separate award of $11,852.12 in costs. *See* Fed. R. Civ. P. 54(d)(1).

7

which it asserts that it is entitled to fees would not have been performed but for the inclusion of the frivolous claims." *Harris v. Maricopa Cnty. Superior Ct.*, 631 F.3d 963, 972 (9th Cir. 2011). "A district court abuses its discretion when it awards fees 'based on an inaccurate view of the law or a clearly erroneous finding of fact.'" *Wilcox v. City of Reno*, 42 F.3d 550, 553 (9th Cir. 1994) (quoting *Corder v. Gates*, 947 F.2d 374, 377 (9th Cir. 1991)).

Here, the district court awarded fees to Defendants, who jointly and severally incurred those fees, after concluding that Nguyen should have known that each of his claims was frivolous after the conclusion of discovery. The district court based this determination, in part, on Nguyen's failure after fourteen months of discovery to establish a prima facie case of either discrimination or retaliation. For the reasons discussed previously, we agree that Nguyen failed to prove a prima facie case of discrimination by both Lavernia and O'Dowd, as well as prima facie case of retaliation under both Title IX and § 1983 against each Defendant. We thus conclude that the district court did not abuse its discretion in finding that these claims were frivolous.

We cannot say the same about Nguyen's discrimination claims against Jabbari, Washington, and the Regents. The district court concluded Nguyen's prima facie case failed because he could not show that Defendants' nondiscriminatory reasons for denying tenure were pretextual. This, however, is a

8

question distinct from whether Nguyen proved a prima facie case of discrimination. *See Chuang*, 225 F.3d at 1126–27. Because we conclude that Nguyen's introduced evidence sufficient at step one of *McDonnell Douglas*—at least with respect to Jabbari, Washington, and the Regents—we conclude that the district court relied on a partially erroneous view of the law in awarding Defendants fees for work performed defending those claims.

In light of our conclusion, we remand to the district court to determine whether Nguyen's discrimination claims against Jabbari, Washington, and the Regents were "frivolous, unreasonable, or without foundation" notwithstanding his introduction of evidence sufficient to prove a prima facie case of discrimination under *McDonnell Douglas*. *See Christiansburg Garment Co.*, 434 U.S. at 421. If the district court finds that any of these claims were not frivolous, it should determine the extent to which Defendants are entitled to only those fees that they would not have incurred "but for the need to defend against the frivolous claims." *Harris*, 631 F.3d at 973.

The district court's grant of summary judgment is **AFFIRMED**. We **VACATE and REMAND** the district court's attorney's fee award for further proceedings consistent with this order. The parties shall bear their own costs on appeal.