NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

FEB 13 2024

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| RUSSELL LEBARRON, | No. 22-16332 |
| Plaintiff-counter-defendant-Appellant, | D.C. No. 2:19-cv-01739-JCM-DJA |
| v. | |
| INTERSTATE GROUP, LLC, | MEMORANDUM[*] |
| Defendant-counter-claimant-Appellee. | |

Appeal from the United States District Court
for the District of Nevada
James C. Mahan, District Judge, Presiding

Submitted October 6, 2023[**]
Las Vegas, Nevada

Before: RAWLINSON and OWENS, Circuit Judges, and PREGERSON,[***]
District Judge.

Appellant Russell LeBarron appeals the district court's order granting

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

[***]     The Honorable Dean D. Pregerson, United States District Judge for the Central District of California, sitting by designation.

summary judgment to Appellee on LeBarron's claim under Section 510 of the Employee Retirement Income Securities Act ("ERISA"), 29 U.S.C. § 1140. We lack jurisdiction to hear this appeal, which is therefore dismissed.

"[A] federal court always has jurisdiction to determine its own jurisdiction." *Brownback v. King*, 141 S. Ct. 740, 750 (2021) (quoting *United States v. Ruiz*, 536 U.S. 622, 628 (2002)). We "review *de novo* a district court's interpretation of a Rule 68 offer of judgment." *Miller v. City of Portland*, 868 F.3d 846, 850 (9th Cir. 2017). A plaintiff may not, however, accept a Rule 68 offer of judgment and then appeal interlocutory orders preceding the entry of judgment. *See* 13 *Moore's Federal Practice - Civil* § 68.10 (2023) ("By its nature, a Rule 68 settlement limits an offeror's right of appeal."). "[A] party implicitly surrenders its right to appeal a civil judgment . . . by consenting to be bound by that judgment. An explicit waiver of appeal rights is not necessary." *Gatto v. Comm'r*, 1 F.3d 826, 828 (9th Cir. 1993).

Here, the Rule 68 offer did not carve out Appellant's ERISA claim, nor did Appellant's Notice of Acceptance of that offer reserve any right to appeal. Accordingly, any interlocutory order regarding the ERISA claim merged into the final judgment, to which Appellant consented. Having so consented, Appellant has waived any right to bring the instant appeal, and we lack jurisdiction to hear it.

**DISMISSED.**